In re Petition for DISCIPLINARY AC-TION AGAINST Ira Wilbur WHIT-LOCK, an Attorney at Law of the State of Minnesota.

No. C8–99–261.

Supreme Court of Minnesota.

March 29, 1999.

## ORDER

WHEREAS, the Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Ira Wilbur Whitlock has committed professional misconduct warranting public discipline, namely, failing to request the court to enlarge the one-year limitation period or to prepare a petition for a writ of habeas corpus in violation of Rules 1.3 and 3.2, Minnesota Rules of Professional Conduct, failing to adequately communicate with his client in violation of Rule 1.4, Minnesota Rules of Professional Conduct, failing to timely return his client's file in violation of Rule 1.16(d), Minnesota Rules of Professional Conduct, and in making misrepresentations to his client in violation of Rules 4.1 and 8.4(c) and (d), Minnesota Rules of Professional Conduct, and

WHEREAS, respondent admits his conduct has violated the Rules of Professional Conduct, waives his rights pursuant to Rule 14, Rules on Lawyers Professional Responsibility, and has entered into a stipulation with the Director wherein they jointly recommend that the appropriate discipline is a public reprimand and two years' supervised probation upon the following conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct.

(c) Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. If respondent has not already done so, he shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor within two weeks from the date this order is filed. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, the respondent shall on the first day of each month provide the Director with an inventory of active client files described in paragraph (d) below. Respondent shall make active client files available to the Director upon request.

(d) Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a

minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

(e) Respondent shall consult with his supervisor regarding case selection and shall not accept cases outside the area of his expertise without associating with experienced co-counsel.

WHEREAS, this court has independently reviewed the file and approves the jointly recommended disposition,

IT IS HEREBY ORDERED that respondent Ira Wilbur Whitlock is publicly reprimanded and placed on two years' supervised probation under the conditions jointly agreed to and stated above and that respondent pay $900 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility, prior to the expiration of his probation.

BY THE COURT:
Alan C. Page
Associate Justice